SEYFARTH SHAW LLP
Jeffrey A. Wortman (SBN 180781)
jwortman@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:    (213) 270-9600
Facsimile:    (213) 270-9601

SEYFARTH SHAW LLP
Kiran S. Lopez (SBN 252467)
klopez@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:    (415) 397-2823
Facsimile:    (415) 397-8549

Attorneys for Defendant
THE ANTHEM COMPANIES, INC. (erroneously sued as
The Anthem Companies)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERRY TANTAROS,<br><br>                    Plaintiff,<br><br>          v.<br><br>THE ANTHEM COMPANIES, and DOES 1 through 100,<br><br>                    Defendants. | Case No.<br><br>**DEFENDANT THE ANTHEM COMPANIES, INC.'S NOTICE OF REMOVAL**<br><br>Alameda County Superior Court Case No. RG18933081<br><br>*Complaint Filed:  December 20, 2018* |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant The Anthem Companies, Inc. ("Anthem" or "Defendant") (erroneously sued as The Anthem Companies), hereby removes the above-referenced action from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California. This removal is made pursuant to 28 U.S.C. §§1441 and 1446, asserting original federal jurisdiction on the basis of diversity, codified in relevant part at 28 U.S.C. §1332. Anthem states that removal is proper for the following reasons.

## I.    PROCEDURAL BACKGROUND IN STATE COURT

On December 20, 2018, Plaintiff Merry Tantaros ("Plaintiff") filed a Complaint entitled, "*MERRY TANTAROS, Plaintiff v. THE ANTHEM COMPANIES, and DOES 1 through 100, Defendants*" ("Complaint"), Alameda County Superior Court Case No. RG18933081. The Complaint alleges seven causes of action for: (1) Disability Discrimination; (2) Failure to Accommodate; (3) Failure to Engage in the Interactive Process; (4) Age Discrimination; (5) Retaliation; (6) Failure to Prevent Discrimination in Violation of the California Fair Employment and Housing Act; and (7) Wrongful Termination in Violation of Public Policy. A true and correct copy of the Complaint is attached hereto as **Exhibit 1.**

On December 21, 2018, Anthem was served with copies of the Summons, Complaint, ADR Information Packet, and ADR Stipulation through its agent for service of process, CT Corporation System in Los Angeles, California. *See* concurrently filed Declaration of Ann Savanh ("Savanh Decl.") at ¶3.

Anthem filed its Answer in the Alameda County Superior Court on January 17, 2019. *See* concurrently filed Declaration of Kiran Lopez ("Lopez Decl.") at ¶3. A true and correct copy of Anthem's Answer is attached hereto as **Exhibit 2**.

Exhibits 1 and 2 attached hereto constitute all of the pleadings served on Anthem, filed by Anthem in the Alameda County Superior Court, or retrieved from the Superior Court's records prior to filing of this Notice of Removal. Lopez Decl. at ¶4.

## II.    TIMELINESS OF REMOVAL

This Notice of Removal is timely filed as it is filed less than one year from the date this action was commenced and within 30 days of service on Anthem, the moving Defendant. 28 U.S.C. §1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322, 1325 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint).

## III.    DIVERSITY JURISDICTION

The subject matter jurisdiction on the basis of diversity of citizenship requires: (1) there is complete diversity of citizenship between plaintiff and defendants, and (2) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. §1332.

///

///

DEFENDANT THE ANTHEM COMPANIES, INC.'S NOTICE OF REMOVAL

### A.    There Is Complete Diversity In This Case.

The complete diversity requirement merely means that all plaintiffs must be of different citizenship than all defendants, and any instance of common citizenship "deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). A party's citizenship is determined at the time the lawsuit was filed. *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1236 (9th Cir. 2008) ("[T]he jurisdiction of the court depends upon the state of things at the time of the action [was] brought."). In the present case, the parties have complete diversity of citizenship at the time the lawsuit was filed because Plaintiff's citizenship is diverse from Defendant's citizenship.

#### 1.    *Plaintiff Is A Citizen Of California.*

For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must . . . be domiciled in the state."). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is *prima facie* the domicile").

Plaintiff alleges that she "is an individual and resident of Alameda County, California." Complaint at ¶1. Plaintiff further alleges that she was employed by Anthem "specifically to perform her job duties from home," i.e., Plaintiff worked in Alameda County, California. *Id.* at ¶8. Based on Anthem's records, the only home address listed for Plaintiff was in Emeryville, California. Savanh Decl. at ¶4.

Therefore, Anthem is informed and believes that at all relevant times for the purposes of this removal, Plaintiff is and has been a citizen of the State of California.

#### 2.    *Anthem Is Not A Citizen Of California.*

For the purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28

3

DEFENDANT THE ANTHEM COMPANIES, INC.'S NOTICE OF REMOVAL

U.S.C. § 1332(c)(1), *see also Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. § 1332(c)(1)).

The Supreme Court of the United States in *The Hertz Corp. v. Friend* held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." **And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the "nerve center"** ....

559 U.S. 77, 92-93 (2010) (emphasis added).

Anthem is now, and was at the time of the filing of this action, a corporation organized and formed under the laws of the State of Indiana, with its principal place of business and headquarters in Indianapolis, Indiana. Savanh Decl. at ¶5. At all times since Plaintiff commenced this lawsuit, Anthem is and has been a citizen of a state other than California within the meaning of 28 U.S.C. §1332(c)(1). At all relevant times, Anthem is and has been a citizen of the State of Indiana. Notably, Plaintiff concurs with regard to Anthem's citizenship, alleging that "Defendant Anthem is an Indiana corporation with its principal place of business in Indianapolis, Indiana." Complaint at ¶2.

### 3. *Doe Defendants Should Be Disregarded.*

Pursuant to 28 U.S.C. §1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. §1332. *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants in this case does not deprive this Court of jurisdiction. Accordingly, pursuant to 28 U.S.C. §1332(c), Plaintiff and the real Defendant, Anthem, have diverse citizenship.

### B. <u>Defendant Need Only Show By A Preponderance Of The Evidence That The Amount In Controversy Exceeds $75,000.</u>

The Federal Court's Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), which applies to state and federal lawsuits commenced on or after January 6, 2012, defines the standard for showing amount in controversy. Pub. L. 112-63, Title II, § 205.

4

Under the JVCA, Congress clarified that the preponderance of the evidence standard applies to removals under 28 U.S.C. § 1332(a). *See* H.R. Rep. 112-10 at 16 ("defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met."). 28 U.S.C. § 1446(c)(2)(A) provides, in relevant part, that "the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice . . . permits recovery of damages in excess of the amount demanded." Under these circumstances, "removal of the action is proper on the basis of an amount in controversy . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)," or $75,000. 28 U.S.C. § 1446(c)(2)(B). Accordingly, a removing defendant must demonstrate that the amount in controversy is more than $75,000 only by a preponderance of the evidence, not to a legal certainty.

Furthermore, while Anthem denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-404 (9th Cir. 1996) ("the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal citation omitted). As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition). In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, compensatory damages, punitive damages and attorneys' fees where recoverable by law. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) ("Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs.'"); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Ind. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages).

///

DEFENDANT THE ANTHEM COMPANIES, INC.'S NOTICE OF REMOVAL

**1.** *Similar Verdicts Exceed $75,000.*

To establish the amount in controversy, a defendant may rely on jury verdicts in cases involving similar facts. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). California jury verdicts in similar cases often exceed $75,000. *See, e.g.*, *Tapia v. San Gabriel Transit Inc.,* Los Angeles Sup. Ct., Case No. BC482433 (Dec. 18, 2015) ($1,289,849 verdict on plaintiff's claims for disability discrimination and violation of the CFRA); *Ko v. The Square Group LLC dba The Square Supermarket*, Los Angeles Sup. Ct., Case No. BC487739 (June 16, 2014) ($190,712.36 verdict on plaintiff's claims for disability discrimination, retaliation, wrongful termination in violation of public policy, and wage and hour claims and $500,000 in punitive damages); *Kamali v. Cal. Dep't of Transp.*, Los Angeles Sup. Ct., Case No. BC426247 (Dec. 20, 2012) (verdict for $663,983 on plaintiff's claims for national origin and disability discrimination); *Hernandez v. Regents of the Univ. of Cal.*, Alameda County Sup. Ct., Case No. RG06272564 (June 29, 2010) (verdict for $266,347 on disability discrimination, national origin discrimination, and retaliation claims); *Landau v. Cty. of Riverside*, 2010 WL 1648442, Case No. 2:07-cv-06807 (C.D. Cal. Feb. 12, 2010) (award of $1,033,500 to employee who brought action against employer based on disability discrimination and failure to accommodate); *Dodd v. Haight Brown & Bonesteel LLP*, 2010 WL 4845808, Case No. BC413813 (Los Angeles Sup. Ct. Oct. 15, 2010) (award of $410,520 to employee wrongfully terminated based on disability and medical condition); *Ybarra v. Dacor Holding Inc.*, 2010 WL 2404221, Case No. KC-054144 (Los Angeles Sup. Ct. Feb. 26, 2010) (award of $615,236 to employee in disability discrimination and wrongful termination action); *Morales v. Los Angeles County Metro. Transp. Auth.*, 2008 WL 4488427, Case No. BC339557 (Los Angeles Sup. Ct. Aug. 19, 2008) (award of $2,247,137 to employee terminated due to disability); *Ismen v. Beverly Hosp.*, 2008 WL 4056258, Case No. BC366198 (Los Angeles Sup. Ct. Aug. 13, 2008) (award of $1,180,164 in disability discrimination and failure to accommodate action where employee lost his position after suffering on the job injury); *Vaughn v. CNA Cas. of Cal.*, 2008 WL 4056256, Case No. 06CV00859 (JVS) (C.D. Cal. Feb. 28, 2008) (award of $850,000 to employee in disability discrimination action); *Orue v. Sears, Roebuck & Co.*, 2007 WL 2456108, Case No. BC347252 (Los Angeles Sup. Ct. Aug. 1, 2007) (award of $173,056 to employee who brought action based on disability and age discrimination against employer who wrongfully terminated him); *Martin v. Arrow*

DEFENDANT THE ANTHEM COMPANIES, INC.'S NOTICE OF REMOVAL

*Elect.*, 2006 WL 2044626, Case No. SACV041134JVS (C.D. Cal. June 12, 2006) (award of $1,500,000 to employee who was wrongfully terminated based upon the disabilities he developed during his employment); *Shay v. TG Const., Inc.*, 2002 WL 31415020, Case No. SC-028511 (Ventura County Sup. Ct. Jan. 1, 2002) (award of $462,500 to employee wrongfully terminated on basis of disability).

Because Plaintiff's allegations that she was discriminated against, retaliated against, and wrongfully terminated based upon her alleged disability are analogous to the issues raised in the cases cited above, it is probable that any verdict in this matter in Plaintiff's favor would award damages exceeding $75,000.

### 2. *Attorneys' Fees Exceed $75,000.*

Plaintiff also seeks attorneys' fees in connection with her FEHA claims. Verdicts in comparable cases show that attorneys' fees typically exceed $75,000.00. *See Denenberg v. Cal. Dep't of Transp.*, 2007 WL 2827715, Case No. GIC836582 (San Diego County Sup. Ct. Sept. 14, 2006) (attorney's fees award of $490,000.00 in case alleging discrimination, harassment, and retaliation); *McMillan v. City of Los Angeles*, 2005 WL 3729094, Case No. BC298898 (Los Angeles County Sup. Ct. March 21, 2005) (attorney's fees award of $504,926.00 in case alleging discrimination and retaliation for filing lawsuit to redress discrimination); *Gallegos v. Los Angeles City College*, 2003 WL 23336379, Case No. SC270424 (Los Angeles County Sup. Ct. Oct. 16, 2003) (attorney's fees award of $159,277.00 for claim of discrimination and retaliation). Therefore, the inclusion of a claim for attorneys' fees also supports the conclusion that the amount in controversy in this matter exceeds $75,000.00.

### 3. *Plaintiff's Loss of Earnings Exceeds $75,000.*

In the Complaint, Plaintiff requests damages for (1) lost employment income and benefits, past and future; (2) general damages, including for pain and suffering, past and future; (3) attorneys' fees; (4) costs of suit; (5) punitive damages; and (6) prejudgment interest. Ex. 1 (Complaint) at Prayer for Relief, p. 17. In light of the expansive categories of damages sought by Plaintiff and her last pay rate with Anthem, explained *infra*, the amount in controversy in this action is more likely than not to exceed the $75,000 jurisdictional minimum.

///

///

DEFENDANT THE ANTHEM COMPANIES, INC.'S NOTICE OF REMOVAL

On October 19, 2015, Anthem hired Plaintiff as a Nurse Case Manager II. Savanh Decl. at ¶6. Plaintiff's last rate of pay with Anthem was $89,251.92 annually, or $7,437.66 per month. *Id*. On May 22, 2018, Plaintiff's employment with Anthem was terminated. *Id*.

Plaintiff is seeking alleged lost wages. Ex. 1 (Complaint) at Prayer for Relief, p. 17. Based upon Plaintiff's separation date of May 22, 2018, Plaintiff's claim for lost wages to date is approximately $59,501.28 ($7,437.66 per month x 8 months). Moreover, conservatively estimating a trial date in late December 2019, approximately 12 months after the Complaint was filed, approximately 19 months will have elapsed since Plaintiff's separation, totaling approximately $141,315.54 in alleged lost wages alone by the time of trial ($7,437.66 per month x 19 months).

This amount does not account for the other special damages Plaintiff seeks, such as losses in bonuses, deferred compensation, employment benefits, earning capacity, opportunities for employment advancement, and work experience, which will further increase the claim for special damages.

### 4. *General and Punitive Damages Exceed $75,000.*

Although Anthem denies that it should be liable for any damages whatsoever in this case, assuming *arguendo* for the purposes of removal that Plaintiff prevails at trial, Plaintiff is also seeking general as well as punitive damages. *Id*. at p. 17. Plaintiff alleges she has suffered from emotional distress, humiliation, shame, mental anguish, and embarrassment resulting in damages in an amount to be determined at trial. *Id*. at ¶33. Assuming Plaintiff seeks emotional distress damages at least equal to her claimed economic damages, the estimated calculation of the amount in controversy doubles to $282,631.08 *before* considering the amount of attorneys' fees incurred through trial or any award of punitive damages.

Plaintiff also seeks to recover punitive damages. Requests for punitive damages must be taken into account in ascertaining the amount in controversy. *Davenport,* 325 F.2d at 787. The amount of punitive damages awarded is based on the financial worth of the defendant, and is meant to punish the defendant in such a way that it will have a tangible financial consequence. Without conceding that punitive damages are appropriate or applicable here, for a defendant of Anthem's size it is probable that a punitive damages award, if assessed, would exceed $75,000.00.

///

DEFENDANT THE ANTHEM COMPANIES, INC.'S NOTICE OF REMOVAL

Consequently, because there is complete diversity of citizenship and the amount in controversy clearly exceeds $75,000, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§1332(a) and 1441(b).

## IV.   VENUE

Venue lies in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§84(c)(2), 1441, and 1446(a). This action originally was brought in the Superior Court of the State of California, Alameda County, which is located within the Northern District of California. Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## V.   SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND THE CLERK OF THE SUPERIOR COURT

Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and her counsel, and together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, Alameda County.

## VI.   PRAYER FOR REMOVAL

WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.

DATED: January 22, 2019

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Kiran Lopez*

By: _____

Jeffrey A. Wortman
Kiran S. Lopez
Attorneys for Defendant
THE ANTHEM COMPANIES, INC.
(erroneously sued as The Anthem Companies)

9

DEFENDANT THE ANTHEM COMPANIES, INC.'S NOTICE OF REMOVAL

# EXHIBIT 1

ENDORSED
FILED
ALAMEDA COUNTY

DEC 2 0 2018

CLERK OF THE SUPERIOR COURT
By          Classie Collins        Deputy

Angela M. Alioto (SBN 130328)
Angela Mia Veronese (SBN 269942)
H. Larry Elam III (SBN 178836)
LAW OFFICES OF JOSHEPH L. ALIOTO
AND ANGELA ALIOTO
700 Montgomery Street
San Francisco, CA 94111-2104
Telephone: (415) 434-8700
Facsimile: (415) 438-4638

Attorneys for Plaintiff MERRY TANTAROS

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

MERRY TANTAROS;

        Plaintiff,

v.

THE ANTHEM COMPANIES, and DOES 1
through 100,

        Defendants.

CASE NO.:    RG18933081

COMPLAINT FOR DAMAGES:

1. DISABILITY DISCRIMINATION;
2. FAILURE TO ACCOMMODATE;
3. FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS;
4. AGE DISCRIMINATION;
5. RETALIATION;
6. FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF FEHA; AND
7. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.

DEMAND FOR JURY TRIAL

- 1 -

COMPLAINT FOR DAMAGES

BY FAX

## I.

## INTRODUCTION

1. Plaintiff MERRY TANTAROS ("Plaintiff" or "Ms. Tantaros") is an individual and resident of Alameda County, California, and at all times relevant to this Complaint, was employed by Defendant THE ANTHEM COMPANIES ("Defendant" or "Anthem").

2. Defendant Anthem is an Indiana corporation with its principal place of business in Indianapolis, Indiana.

3. Jurisdiction and venue are proper in this Court because some or all of the claims alleged herein arose in Alameda County and some or all of the parties were and/or are residents of Alameda County or are doing or did business in Alameda County at all times relevant herein.

4. The amount in controversy in this matter exceeds the sum of $25,000.00, exclusive of interest and costs.

5. DOE Defendants 1 through 100 are sued under fictitious names pursuant to California Code of Civil Procedure section 474. Plaintiff is informed and believes, and on that basis alleges, that each defendant sued under such fictitious names is in some manner responsible for the wrongs and damages as alleged below, and in so acting was functioning as the agent, servant, manager, supervisor, and/or employee of the Employer Defendants, and in doing the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant.

6. Plaintiff is informed that all named Defendants and DOES 1-100 were at all times the alter egos of each other, so that as to maintain the fiction of a separate existence would work an injustice on Plaintiff, among others. Plaintiff is informed and believes that there is such a unity of interest between the said Defendants that to uphold the fiction of corporate separateness between the said Defendants would be to sanction an injustice against the Plaintiff and others. Said Defendants acted in all respects pertinent to this action as the agent of each other, and carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each are legally attributable to the other.

- 2 -

COMPLAINT FOR DAMAGES

7.    All named Defendants and DOES 1-100 will hereinafter be collectively referred to as the "Defendants."

## II.

## FACTS COMMON TO ALL CAUSES OF ACTION

8.    In October 2015, Plaintiff was hired by Defendant as a full-time nurse case manager. Ms. Tantaros was hired specifically to perform her job duties from home. Her work was sedentary. It required the use of a computer, facsimile machine, and a telephone. Ms. Tantaros' position as a nurse case manager required her to provide telephonic case management to assigned Anthem Medi-Cal members, provide clinical education regarding disease management, arrange medical visits for treatment, arranging transportation, and medication management to the Anthem patients assigned to her care. All done from her home using either her computer, facsimile machine, or telephone. At all times relevant to this Complaint, Ms. Tantaros reported to Allison Lam ("Ms. Lam"), Manager.

9.    In or around January 2016, Ms. Tantaros began to experience back pain that got progressively worse. She sought treatment with her primary care doctor. Ms. Tantaros notified Ms. Lam of her back pain and the need for her to receive medical treatment.

10.    In January 2017, Ms. Tantaros' back pain continued to worsen and she to receive treatment in an effort to find the cause and relieve her back pain. During that time, Ms. Tantaros kept Ms. Lam informed of her medical condition and the planned course of medical treatment. Ms. Tantaros requested from Ms. Lam, orally and in writing, a new desk chair that might help with her back pain. Ms. Lam responded in writing "I don't think Anthem will pay for one." Anthem declined her request for a new chair.

11.    Also in or around January 2017, during this time Anthem upgraded the software on the computers that appeared to cause increased screen glare. Ms. Tantaros notified Ms. Lam in writing about the increased glare and requested glare guards for her two monitors. Ms. Tantaros had spoken with several other employees and they experienced the same increase glare when their computers received the upgraded software. Ms. Lam notified Plaintiff in writing that her request for glare guards was also denied by Anthem.

- 3 -

12.    In or around early September 2017, Ms. Tantaros was advised by her doctors that she required immediate spine surgery, which was scheduled to take place on September 20, 2017. She immediately notified Ms. Lam by telephone and email of her upcoming surgery. Ms. Tantaros' doctor provided a medical leave slip to Anthem requesting that she be off work for approximately six weeks after the surgery. Ms. Lam directed Ms. Tantaros to contact Anthem's short-term disability team, and she did as directed and contacted Anthem's short-term disability team by email. Anthem notified Plaintiff in writing that her request for leave of absence for the six-week time period post-surgery was approved. During the surgery, Ms. Tantaros suffered a progressive injury to her eyes that negatively affected her vision.

13.    On October 4, 2017, Ms. Tantaros saw a retinal specialist for testing who extended her medical leave to January 3, 2018 by forwarding a Health Care Provider Statement to Anthem via facsimile requesting the medical leave extension. Anthem submitted its written approval of her request for additional short-term disability leave to January 3, 2018.

14.    On December 19, 2017, Ms. Tantaros' vision continued to worsen. She immediately got an urgent ophthalmology appointment. The ophthalmologist on call prescribed additional treatment and scheduled her to return on January 23 to see her regular eye doctor. Ms. Tantaros' doctor submitted a written Health Care Provider Statement to Anthem requesting an extension to her medical leave to January 23, 2018. Anthem submitted a written approval of her request.

15.    On January 23, 2018, Ms. Tantaros' vision continued to deteriorate so she went to her regular eye doctor who referred her to the low vision clinic. She made an appointment for the low vision clinic for February 2018. Her eye doctor submitted a written Health Care Provider Statement request to Anthem requesting an extension of her medical leave to March 27, 2018. Anthem submitted a written acceptance of her request.

16.    On February 15, 2018, Ms. Tantaros was diagnosed as being legally blind. She was directed by her doctor to contact the Department of Rehabilitation (DOR), which is a California state department that administers vocational rehabilitation services and provides support to independent living centers throughout the state. Ms. Tantaros forwarded the written

- 4 -

COMPLAINT FOR DAMAGES

diagnosis finding her legally blind to Anthem.

17. On or about March 12, 2018, Plaintiff participated in a conference call with Ms. Lam, another individual from Anthem's Human Resources, and the contact person from DOR. During this call, the contact person for the DOR explained to the Anthem team that the DOR would supply all training and equipment to augment her disability/blindness to facilitate her return to work. The contact person for the DOR further advised the Anthem team that procurement of the necessary equipment and the training would go into September 2018, with a target date to have Plaintiff return to work in October 2018. Anthem through Ms. Lam and its Human Resources representative voiced their agreement with this plan and requested a care plan from the DOR.

18. On March 25, 2018, Ms. Tantaros contacted Anthem's disability case manager requesting that she be advised as soon as possible if Anthem needed anything else from her concerning her short-term disability leave as she wanted to stay in compliance. Neither anthem's Disability Case Manager nor anyone at Anthem ever communicated to her prior to May 2018 that she was not in compliance.

19. On or about March 26, 2018, Ms. Tantaros contacted her eye doctor and explained to him that she was working with the DOR and related to him the time-line for her retraining that would allow her to return back to work. Her eye doctor submitted a written Health Care Provider Statement to Anthem requesting an extension of her medical leave to October 1, 2018, which would coincide with the estimate from the DOR to complete the training and allow her to return to work.

20. On or about April 3, 2018, Ms. Tantaros contacted Anthem's Vocational Rehabilitation Consultant via e-mail about her disability leave and informed her that she was already working with the DOR and that an assessment was being conducted by the DOR. On April 4, 2018, Anthem's vocational rehabilitation consultant acknowledged Ms. Tantaros' e-mail with a follow-up e-mail enclosing a copy of the job description form for Nurse Case Manager II that had been completed by Ms. Lam.

21. On April 18, 2018, Anthem's LOA/Disability Case Manager Specialist contacted Ms. Tantaros' via e-mail requesting the Health Care Provider Statement regarding her request for

COMPLAINT FOR DAMAGES

extended leave protection under ADA. Anthem's LOA/Disability Case Manager Specialist stated that the Health Care Provider Statement is required for review of further leave protection under ADA. Ms. Tantaros responded on April 19, 2018, via e-mail informing Anthem's LOA/Disability Case Manager Specialist that the Health Care Provider Statement had previously been submitted to Anthem's Disability Case Manager and Anthem's Vocational Rehabilitation Consultant on March 26, 2018.

22. On May 9, 2018, Plaintiff received an e-mail with an attached note from Anthem's Leave of Absence Department advising her that her request to extend her leave to October 1, 2018, was being denied because she allegedly failed to provide the required Health Care Provider Statement. However, Ms. Tantaros' doctor forwarded the Health Care Provider Statement to Anthem on March 26, 2018.

23. On May 14, 2018, Ms. Tantaros was terminated by Anthem, allegedly for "job abandonment" while she was still receiving therapy and being assessed and trained by the DOR.

24. Ms. Tantaros was 68 years old when she was terminated by the Defendants.

25. Ms. Tantaros filed a Complaint of Discrimination with the DFEH against Defendant, DFEH Matter No. 201809-03491607. On September 7, 2018, the DFEH issued a Notice of Case Closure and Right to Sue authorizing Plaintiff to file a private lawsuit against the Defendant to enforce her rights to full and equal employment opportunities free from unlawful discrimination and retaliation.[1]

## FIRST CAUSE OF ACTION

## DISCRIMINATION BASED ON DISABILITY

## IN VIOLATION OF CAL. GOV'T CODE § 12940(a)

Plaintiff incorporates by reference Paragraphs 1 through 25 of this Complaint as if fully set forth herein and for a cause of action alleges as follows:

26. This cause of action is brought pursuant to California Government Code section 12940(a) which prohibits discrimination against a person in terms, conditions or privileges of

---

[1] On November 8, 2018, Plaintiff amended her DFEH Complaint to add as a respondent "The Anthem Companies, Inc." as it is the entity listed on her pay stub. Per the DFEH the amended complaint is deemed to have the same filing date of the original complaint. The original Notice of Case Closure and Right to Sue issued remains unchanged.

- 6 -

employment on the basis of disability, and the corresponding regulations of the California Fair Employment and Housing Commission, or its successor.

27. At all times herein mentioned, Defendants jointly and independently employed five or more persons bringing said Defendant employer within the provisions of California Government Code Section 12900 *et seq.*, prohibiting employers or their agents from discriminating against employees on the basis of disability.

28. Plaintiff is a member of a protected class within the meaning of the aforementioned Government Code sections. At all relevant times herein, Plaintiff satisfactorily performed her duties and responsibilities as expected by Defendants and, in fact, exceed those expectations by her performance.

29. At all times relevant to this Complaint, Ms. Tantaros was qualified for, and could perform the essential functions of her position as Nurse Case Manager with Anthem, with or without reasonable accommodation.

30. Pursuant to Government Code §12940(a) it is unlawful for an employer to discriminate against an employee because of that employee's disability.

31. Defendant violated Government Code §12940(a), among other things, failing to engage in the interactive process, failing to provide Plaintiff with a reasonable accommodation, and terminating Plaintiff on account of her disability.

32. As a direct, foreseeable and proximate result of the Defendants' unlawful actions, Plaintiff has suffered and continues to suffer substantial losses in earnings, equity, and other employment benefits and has incurred other economic losses in an amount in excess of the minimum jurisdiction of this Court and according to proof.

33. As a further direct, foreseeable and proximate result of the Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, mental anguish and embarrassment all to the Plaintiff's damage in an amount in excess of the minimum jurisdiction of this Court and according to proof.

34. As a further direct and proximate result of the Defendants' unlawful actions, Plaintiff was forced to and did retain attorneys, and is accordingly entitled to an award of

-7-

COMPLAINT FOR DAMAGES

attorneys' fees and costs according to proof at the time of trial.

35.     The Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of Plaintiff.  Plaintiff is thus entitled to recover punitive damages from the Defendants in an amount according to proof.  Plaintiff is informed and believes and thereon alleges that such conduct was taken by an officer, owner or managing agent of the Defendants, or alternatively, authorized, ratified or approved by an officer, owner or managing agent of the Defendants.

## SECOND CAUSE OF ACTION

## FAILURE TO ACCOMMODATE

## IN VIOLATION OF CAL. GOV'T CODE § 12940(m)

Plaintiff incorporates by reference Paragraphs 1 through 35 of this Complaint as if fully set forth herein and for a cause of action alleges as follows:

36.     Pursuant to Government Code §12940(m) it is unlawful for an employer to fail or refuse to provide a reasonable accommodation to an employee with a disability.

37.     At all times herein mentioned, Defendants jointly and independently employed five or more persons bringing said Defendant employer within the provisions of California Government Code Section 12900 *et seq.*, prohibiting employers or their agents from discriminating against employees on the basis of disability.

38.     Plaintiff is a member of a protected class within the meaning of the aforementioned Government Code sections.  At all relevant times herein, Plaintiff satisfactorily performed her duties and responsibilities as expected by Defendants and, in fact, exceed those expectations by her performance.

39.     At all times relevant to this Complaint, Ms. Tantaros was qualified for, and could perform the essential functions of her position as Nurse Case Manager with Anthem, with or without reasonable accommodation.

40.     Defendant violated Government Code §12940(m) by, among other things, failing to engage in the interactive process, and terminating Ms. Tantaros on account of her disability.

41.     As a direct, foreseeable and proximate result of the Defendants' unlawful actions, Plaintiff has suffered and continues to suffer substantial losses in earnings, equity, and other employment benefits and has incurred other economic losses in an amount in excess of the minimum jurisdiction of this Court and according to proof.

42.     As a further direct, foreseeable and proximate result of the Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, mental anguish and embarrassment all to the Plaintiff's damage in an amount in excess of the minimum jurisdiction of this Court and according to proof.

43.     The Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of Plaintiff.  Plaintiff is thus entitled to recover punitive damages from the Defendants in an amount according to proof.  Plaintiff is informed and believes and thereon alleges that such conduct was taken by an officer, owner or managing agent of the Defendants, or alternatively, authorized, ratified or approved by an officer, owner or managing agent of the Defendants.

## THIRD CAUSE OF ACTION

## FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

## IN VIOLATION OF CAL. GOV'T CODE § 12940(n)

Plaintiff incorporates by reference Paragraphs 1 through 43 of this Complaint as if fully set forth herein and for a cause of action alleges as follows:

44.     This cause of action is brought pursuant to California Government Code section 12940(a) which prohibits discrimination against a person in terms, conditions or privileges of employment on the basis of disability, and the corresponding regulations of the California Fair Employment and Housing Commission, or its successor.

45.     At all times herein mentioned, Defendants jointly and independently employed five or more persons bringing said Defendant employer within the provisions of California Government Code Section 12900 *et seq.*, prohibiting employers or their agents from discriminating against employees on the basis of disability.

-9-

**COMPLAINT FOR DAMAGES**

46.    Plaintiff is a member of a protected class within the meaning of the aforementioned Government Code sections. At all relevant times herein, Plaintiff satisfactorily performed her duties and responsibilities as expected by Defendants and, in fact, exceed those expectations by her performance.

47.    At all times relevant to this Complaint, Ms. Tantaros was qualified for, and could perform the essential functions of her position as Nurse Case Manager with Anthem, with or without reasonable accommodation.

48.    Pursuant to Government Code §12940(n) it is unlawful for an employer to fail to engage in the interactive process to assess whether or not a reasonable accommodation could be made for an employee with a disability.

49.    Defendant violated Government Code §12940(n) by, among other things, failing to accommodate Plaintiff, and terminating Plaintiff on account of her disability.

50.    As a direct, foreseeable and proximate result of the Defendants' unlawful actions, Plaintiff has suffered and continues to suffer substantial losses in earnings, equity, and other employment benefits and has incurred other economic losses in an amount in excess of the minimum jurisdiction of this Court and according to proof.

51.    As a further direct, foreseeable and proximate result of the Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, mental anguish and embarrassment all to the Plaintiff's damage in an amount in excess of the minimum jurisdiction of this Court and according to proof.

52.    As a further direct and proximate result of the Defendants' unlawful actions, Plaintiff was forced to and did retain attorneys, and is accordingly entitled to an award of attorneys' fees and costs according to proof at the time of trial.

53.    The Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of Plaintiff. Plaintiff is thus entitled to recover punitive damages from the Defendants in an amount according to proof. Plaintiff is informed and believes and thereon alleges that such conduct was taken by an officer, owner or

**COMPLAINT FOR DAMAGES**

managing agent of the Defendants, or alternatively, authorized, ratified or approved by an officer, owner or managing agent of the Defendants.

## FOURTH CAUSE OF ACTION

## DISCRIMINATION BASED ON AGE

## IN VIOLATION OF CAL. GOV'T CODE § 12940 *et seq.*

Plaintiff incorporates by reference Paragraphs 1 through 53 of this Complaint as if fully set forth herein and for a cause of action alleges as follows:

54.    At all times herein mentioned, California's Fair Employment and Housing Act. ("FEHA"), Cal. Government Code § 12940 *et seq.*, was in full force and effect and fully binding upon the Employer Defendants.  Plaintiff was a member of a group protected by the statute, in particular section 12940(a), prohibiting discrimination in employment based on age.

55.    At all times herein mentioned, Defendants jointly and independently employed five or more persons bringing said Defendant employer within the provisions of California Government Code Section 12900 *et seq.*, prohibiting employers or their agents from discriminating against employees on the basis of disability.

56.    Plaintiff is a member of a protected class within the meaning of the aforementioned Government Code sections.  At all relevant times herein, Plaintiff satisfactorily performed her duties and responsibilities as expected by Defendants and, in fact, exceed those expectations by her performance.

57.    At all times relevant to this Complaint, Ms. Tantaros was qualified for, and could perform the essential functions of her position as Nurse Case Manager with Anthem, with or without reasonable accommodation.

58.    The wrongful termination of Plaintiff's employment by the Defendants constitutes discrimination based on age and violated Cal. Government Code § 12940(a).  Government Code § 12940(i) requires an employer to take all necessary steps to prevent discrimination from occurring.

59.    Defendants, and each of them, terminated Ms. Tantaros' employment, and failed to take all reasonable steps necessary to prevent discrimination from occurring on account of her age. In doing the acts and omissions set forth above, Defendants, and each of them, violated

- 11 -

## COMPLAINT FOR DAMAGES

Government Code §§12940(a) and (i).

60.    As a direct, foreseeable and proximate result of the Defendants' unlawful actions, Plaintiff has suffered and continues to suffer substantial losses in earnings, equity, and other employment benefits and has incurred other economic losses in an amount in excess of the minimum jurisdiction of this Court and according to proof.

61.    As a further direct, foreseeable and proximate result of the Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, mental anguish and embarrassment all to the Plaintiff's damage in an amount in excess of the minimum jurisdiction of this Court and according to proof.

62.    As a further direct and proximate result of the Defendants' unlawful actions, Plaintiff was forced to and did retain attorneys, and is accordingly entitled to an award of attorneys' fees and costs according to proof at the time of trial.

63.    The Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of Plaintiff.  Plaintiff is thus entitled to recover punitive damages from the Defendants in an amount according to proof.  Plaintiff is informed and believes and thereon alleges that such conduct was taken by an officer, owner or managing agent of the Defendants, or alternatively, authorized, ratified or approved by an officer, owner or managing agent of the Defendants.

### FIFTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF CAL. GOV'T CODE § 12940(h)

Plaintiff incorporates by reference Paragraphs 1 through 63 of this Complaint as if fully set forth herein and for a cause of action alleges as follows:

64.    At all times herein mentioned, Defendants jointly and independently employed five or more persons bringing said Defendant employer within the provisions of California Government Code Section 12900 *et seq.*, prohibiting employers or their agents from discriminating against employees on the basis of disability.

**COMPLAINT FOR DAMAGES**

65.    Plaintiff is a member of a protected class within the meaning of the aforementioned Government Code sections. At all relevant times herein, Plaintiff satisfactorily performed her duties and responsibilities as expected by Defendants and, in fact, exceed those expectations by her performance.

66.    At all times relevant to this Complaint, Ms. Tantaros was qualified for, and could perform the essential functions of her position as Nurse Case Manager with Anthem, with or without reasonable accommodation.

67.    This is an action for damages arising from retaliation against the Plaintiff for having opposed unlawful employment practices. This action is brought pursuant to the California Fair Employment And Housing Act ["FEHA"], i.e., Cal. Gov. Code §§ 12900, 12921, 12926, 129240 and 12965.

68.    At all times herein mentioned, California's Fair Employment and Housing Act ("FEHA"), Cal. Government Code § 12900 *et seq.*, was in full force and effect and was fully binding upon the Employer Defendants. Specifically, section 12940(h) makes it an unlawful employment practice for an employer to discriminate against any person because the person has opposed any practices forbidden under FEHA.

69.    Plaintiff believes and thereon alleges that Defendants' adverse actions taken against her as set forth herein occurred in retaliation for Plaintiff notifying Defendant that she was legally blind and that such condition would restrict her work activities in the future and for which she sought a legally mandated disability leave so that she could be re-trained to use equipment that would offset her loss of sight. Such retaliatory actions are unlawful, discriminatory and retaliatory in violation of California Government Code Section 12940 *et seq.* and have resulted in damages and injury to Plaintiff as alleged herein.

70.    As a proximate result of the aforesaid acts of retaliation, Plaintiff has suffered and is continuing to suffer a loss of wages/salary, benefits and other employee compensation in an amount which is currently unascertained. Plaintiff will request leave of the court to amend this complaint to state the amount of all such damages when they have been ascertained or upon proof at the time of trial.

- 13 -

COMPLAINT FOR DAMAGES

71.     As a proximate result of the aforesaid retaliation, Plaintiff has been held up to great derision and embarrassment with fellow workers, colleagues in the industry, friends, members of the community and family, and continues to suffer emotional distress because Defendants, and each of them, demonstrated to Plaintiff that it would not recognize nor accept the fact that she objected to the discriminatory practices she encountered in the workplace.  Defendants, and each of them, acted unreasonably because it knew and/or should have known that its conduct was likely to result in additional, mental distress.  Plaintiff therefore seeks damages for such emotional distress in an amount to be proven at time of trial.

72.     In doing the acts set forth above, Defendants, and each of them, acted as herein alleged with a conscious disregard of its obligation under California law to take appropriate action to prevent and/or remedy unlawful employment practices.  Defendants, and each of them, in utter disregard of its obligation under the law, acted with the malicious intention of punishing Plaintiff for opposing unlawful discrimination in the work place.

73.     In bringing this action, Plaintiff has been required to retain the services of counsel. Pursuant to California Government Code § 12965(b), she is entitled to and hereby requests an award of attorney and expert witness fees and costs of suit.

## SIXTH CAUSE OF ACTION

## FAILURE TO PREVENT RETALIATION

## IN VIOLATION OF CAL. GOV'T CODE § 12940(k)

Plaintiff incorporates by reference Paragraphs 1 through 73 of this Complaint as if fully set forth herein and for a cause of action alleges as follows:

74.     At all times herein mentioned, Defendants jointly and independently employed five or more persons bringing said Defendant employer within the provisions of California Government Code Section 12900 *et seq.*, prohibiting employers or their agents from discriminating against employees on the basis of disability.

75.     Plaintiff is a member of a protected class within the meaning of the aforementioned Government Code sections.  At all relevant times herein, Plaintiff satisfactorily performed her duties and responsibilities as expected by Defendants and, in fact, exceed those expectations by her

- 14 -

COMPLAINT FOR DAMAGES

performance.

76. At all times relevant to this Complaint, Ms. Tantaros was qualified for, and could perform the essential functions of her position as Nurse Case Manager with Anthem, with or without reasonable accommodation.

77. Defendants had a statutory duty, pursuant to California Government Code Section 12940(k) to take all reasonable steps necessary to prevent discrimination and retaliation from occurring in the workplace.

78. Defendants breached their statutory duty of care to Plaintiff by failing to take all reasonable steps necessary to prevent the discrimination and retaliation experienced by Plaintiff, ultimately resulting in her wrongful termination.

79. As a direct, foreseeable and proximate result of the Defendant's unlawful actions, Plaintiff has suffered economic damages, including back pay, front pay, equity, benefits, and other compensation.

80. As a further direct, foreseeable and proximate result of the Defendant's unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, mental anguish and embarrassment all to the Plaintiff's damage in an amount in excess of the minimum jurisdiction of this Court and according to proof.

81. As a further direct and proximate result of the Defendant's unlawful actions, Plaintiff was forced to and did retain attorneys, and is accordingly entitled to an award of attorneys' fees and costs according to proof at the time of trial.

82. Defendants, and each of them, committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights or safety of Plaintiff and others. Plaintiff is thus entitled to recover punitive damages from the Employer Defendants in an amount according to proof. Plaintiff is informed and believes and thereon alleges that such conduct was taken by an officer, owner or managing agent of the Defendant, or alternatively, authorized, ratified or approved by an officer, owner or managing agent of the Defendants.

**COMPLAINT FOR DAMAGES**

## SEVENTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

Plaintiff incorporates by reference Paragraphs 1 through 82 of this Complaint as if fully set forth herein and for a cause of action alleges as follows:

83.     It is the public policy of the State of California to prohibit employers from discharging employees in a discriminatory manner. This public policy is embodied in, inter alia, the California Government Code and the California Code of Regulations.

84.     Plaintiff was terminated as a result of her medical condition and as a result of the Defendant's failure or refusal to provide Plaintiff with a reasonable accommodation and/or to enter into the interactive process and/or her use of medical leave.

85.     This is a common law cause of action pursuant to the law of the State of California. Jurisdiction is invoked pursuant to *Rojo v. Klinger* (1990) 52 Cal.3d 63 and *Tameny v. Atlantic Richfield Company* (1980) 27 Cal.3d 167.

86.     At all times relevant herein, there existed fundamental and established California public policies, as codified by law and statute, including, but not limited to:  California Government Code section 12940(a); California Government Code section 12940(h); California Government Code section 12940(k); California Government Code section 12940(m); California Government Code section 12940(n); and the California Constitution, Article I, Section 9.

87.     On or about May 2, 2018, Defendants violated California public policies by wrongfully terminating Plaintiff on the basis of her age; by wrongfully terminating Plaintiff on the basis of disability; by failing to provide her with reasonable accommodation for her known disability; by failing to engage in an interactive process with Plaintiff; by failing to prevent discrimination toward Plaintiff, and by terminating Plaintiff in retaliation for exercising her right to seek a legally mandated disability leave.

88.     As a proximate result of the above, Plaintiff has suffered, and will continue to suffer, losses of wage/salary, benefits and other employee compensation in an amount that is currently unascertained.

COMPLAINT FOR DAMAGES

89. As a proximate result of the above, Plaintiff was held up to great derision and embarrassment with her fellow workers, friends, members of the community, and family. Plaintiff has suffered emotional distress because Defendant demonstrated to Plaintiff that it would not protect her from retaliation in the workplace. Defendant, by and through its managing agents, acted intentionally and unreasonably because it knew and/or should have known that its conduct was likely to result in emotional distress. Plaintiff therefore seeks emotional distress damages in an amount that will be proved at time of trial.

90. As set forth above, Defendant acted with conscious disregard of Plaintiff's right to be safe from retaliation in the workplace. Defendant acted with the malicious intention of depriving Plaintiff of the opportunities and benefits of her employment. Defendant retained, promoted and allowed employees and managers known by it to retaliate against employees. This conduct was, and is, despicable, cruel and oppressive. Plaintiff is therefore entitled to an award of punitive damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MERRY TANTAROS prays for judgment against the Defendant, and each of them, as follows:

1. For damages for lost employment income and benefits, past and future, according to proof;

2. For general damages including for pain and suffering past and future according to proof;

3. For attorney's fees according to proof;

4. For costs of suit incurred herein;

5. For punitive damages;

6. For prejudgment interest as provided by law; and

7. For such other and further relief as the court deems just and proper.

Dated: November 20, 2018

LAW OFFICES OF MAYOR JOSEPH L. ALIOTO & ANGELA ALIOTO

By: _____

ANGELA ALIOTO

Attorneys for Plaintiff, MERRY TANTAROS

- 17 -

**COMPLAINT FOR DAMAGES**

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues, except the issue of attorneys' fees and costs.

Dated:   November 20, 2018

LAW OFFICES OF MAYOR JOSEPH L. ALIOTO
& ANGELA ALIOTO

By:
ANGELA ALIOTO
Attorneys for Plaintiff, MERRY TANTAROS

COMPLAINT FOR DAMAGES

# EXHIBIT 2

SEYFARTH SHAW LLP
Jeffrey A. Wortman (SBN 180781)
jwortman@seyfarth.com
333 S. Hope Street, Suite 3900
Los Angeles, California 90071
Telephone:     (213) 270-9600
Facsimile:     (213) 270-9601

SEYFARTH SHAW LLP
Kiran S. Lopez (SBN 252467)
klopez@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:     (415) 397-2823
Facsimile:     (415) 397-8549

Attorneys for Defendant
THE ANTHEM COMPANIES, INC. (erroneously sued as
The Anthem Companies)

ENDORSED
FILED
ALAMEDA COUNTY

JAN 1 7 2019

SUE PESKO

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

MERRY TANTAROS,

    Plaintiff,

  v.

THE ANTHEM COMPANIES, and DOES 1 through 100,

    Defendants.

Case No. RG18933081
*(ASSIGNED FOR ALL PURPOSES TO THE HON. DENNIS HAYASHI, DEPT. 518)*

**ANSWER OF DEFENDANT THE ANTHEM COMPANIES, INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT**

*Complaint Filed: December 20, 2018*
*Trial Date:  None.*

Defendant The Anthem Companies, Inc. (hereinafter, "Defendant") (erroneously sued as The Anthem Companies), hereby answers the unverified Complaint ("Complaint") of Plaintiff Merry Tantaros ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure Section 431.30(d), Defendant denies, generally and specifically, each and every allegation, statement, matter and each purported cause of action contained in the Complaint, and further denies that Plaintiff has been damaged in any amount

or at all, by reason of any acts or omissions of Defendant, or by any act or omission by any agent or employee of Defendant. Defendant further generally denies that Plaintiff is entitled to any relief whatsoever.

## SEPARATE AFFIRMATIVE DEFENSES

In further answer to Plaintiff's Complaint, Defendant alleges the following separate and distinct additional defenses to each and every cause of action therein. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1. The Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action or claim for relief against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Arbitration)

2. By virtue of the fact that Plaintiff entered into an agreement to arbitrate that encompasses all claims alleged in the Complaint, her claims are barred by her contractual agreement to arbitrate. Plaintiff's failure to submit her claims to arbitration bars the present action. Defendant expressly reserves and does not waive the right to compel arbitration.

## THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

3. The Complaint, and each cause of action contained therein, is barred by the applicable statute of limitations for each cause of action contained therein, to the extent that the allegations occurred outside of the statutory period, including, but not limited to, California Government Code sections 12960(d) and 12965(b), as well as California Code of Civil Procedure sections 335.1 and 338(a).

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

4. Plaintiff's causes of action are barred in whole or in part to the extent she failed to exhaust required administrative procedures or remedies or otherwise failed to complete, in a timely

2

manner, those steps that are a necessary prerequisite under the law to the filing of the Complaint, including but not limited to the deadlines under California Government Code §12940, *et seq*.

**FIFTH AFFIRMATIVE DEFENSE**

**(Outside Scope of Employment)**

5.    Any unlawful or wrongful acts, to the extent they exist, taken by Defendant's agents or employees were outside the course and scope of their authority and such acts, if any, were not authorized, ratified, or condoned by Defendant, nor did Defendant know nor should have Defendant known of such acts.

**SIXTH AFFIRMATIVE DEFENSE**

**(Unreasonable Accommodation)**

6.    Assuming *arguendo* that Plaintiff was disabled and requested an accommodation, Defendant fully engaged in the interactive process and fully accommodated Plaintiff's requests to the extent that such requests were reasonable.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Workers' Compensation)**

7.    Plaintiff's claims are barred and preempted to the extent they are covered by the California Workers' Compensation Act, California Labor Code §3200 *et seq*.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

8.    Plaintiff is barred from recovering any compensatory damages, and/or any recovery for compensatory damages must be reduced, to the extent that she failed to exercise reasonable diligence to mitigate her alleged damages.

**NINTH AFFIRMATIVE DEFENSE**

**(Good-Faith Belief in Actions Taken)**

9.    The Complaint, and each purported cause of action contained therein, is barred in whole or in part because Defendant had an honest, reasonable, and good-faith belief in the facts on which it based its acts, omissions, and conduct taken with respect to Plaintiff.

///

3

ANSWER OF DEFENDANT THE ANTHEM COMPANIES, INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT

## TENTH AFFIRMATIVE DEFENSE

### (Legitimate and Nondiscriminatory and/or Non-Retaliatory Business Reasons)

10.    The Complaint, and each purported cause of action contained therein, is barred in whole or in part because there was no discriminatory or retaliatory intent and Defendant's actions were based on legitimate non-discriminatory and non-retaliatory reasons.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Management Discretion)

11.    Any and all conduct of which Plaintiff complains, or which is attributable to Defendant and/or its agents or employees, was a just and proper exercise of management discretion undertaken for fair and honest business reasons.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Cooperate in Interactive Process)

12.    The Complaint, and each every purported causes of action therein, is barred, in whole or in part, because Plaintiff failed and/or refused to engage in good faith in the interactive process.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

13.    Plaintiff's alleged injuries and/or damages, if any, were not proximately caused by the acts or omissions of Defendant, and any injury and/or damages that Plaintiff alleges she suffered, if any, resulted from a cause or causes not legally or proximately related to any act or omission of Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

14.    The Complaint fails to state facts sufficient to constitute a claim for punitive damages against Defendant pursuant to California Civil Code section 3294.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Award of Punitive Damages is Unconstitutional)

15.    To the extent that Plaintiff seeks punitive or exemplary damages in her Complaint, she violates the right of Defendant to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and in Article I, Section 17 of the Constitution of the State

ANSWER OF DEFENDANT THE ANTHEM COMPANIES, INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT

of California, and the rights of Defendant to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and under the Constitution of the State of California.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Offset)

16.    Defendant is entitled to an offset of any benefits Plaintiff receives or has received from workers' compensation, unemployment compensation, and from any benefit plans of Defendant, for injuries or damages alleged in the Complaint, against any award of damages to Plaintiff in this action.

## RESERVATION OF RIGHTS

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, unstated defenses available to it. Defendant thus reserves the right to assert additional defenses in the event discovery and further investigation indicate they would be appropriate.

## PRAYER

Wherefore, Defendant prays for judgment as follows:

1.    That Plaintiff takes nothing by way of the Complaint;

2.    That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3.    That Defendant be awarded reasonable attorneys' fees according to proof;

4.    That Defendant be awarded costs of suit incurred herein; and

5.    That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED:  January 17, 2019

Respectfully submitted,

SEYFARTH SHAW LLP

By:_____
Jeffrey A. Wortman
Kiran S. Lopez
Attorneys for Defendant THE ANTHEM COMPANIES, INC. (erroneously sued as The Anthem Companies)

54304376v.1 / 033798-000348

5

ANSWER OF DEFENDANT THE ANTHEM COMPANIES, INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 560 Mission Street, Suite 3100, San Francisco, California 94105. On January 17, 2019, I served the following document(s):

**ANSWER OF DEFENDANT THE ANTHEM COMPANIES, INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT**

☐ I sent such document from facsimile machine (415) 397-8549. I certify that said transmission was completed, that all pages were received, and that a report was generated by facsimile machine (415) 397-8549 confirming said transmission occurred without impediment. I, thereafter, mailed a true copy of the document(s) addressed to the parties listed below.

☐ I e-mailed such document from mhensel@seyfarth.com and I certify that said transmission was completed. No mailer daemon e-mail message was received.

☒ by placing the document(s) listed above in an envelope with postage thereon fully prepaid and placed it for processing for the United States mail at San Francisco addressed as set forth below.

☐ by contracting with Nationwide for personal service of the document(s) listed above to the person(s) at the addresses as set forth below .

☐ by contracting with Federal Express and placing the document(s) listed above in a Federal Express envelope with postage paid on account and deposited with Federal Express at San Francisco, California, addressed as set forth below.

Angela M. Alioto
Angela Mia Veronese
H. Larry Elam III
Law Offices of Joseph L. Alioto
    and Angela Alioto
700 Montgomery Street
San Francisco, CA  94111-2104
amv@aliotolawoffice.com
lelam@aliotolawoffice.com

I am readily familiar with the firm's practice of collection and processing mail. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit. I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 17, 2019, at San Francisco, California.

_Marlies Hensel_
_____
Marlies Hensel

14921947v.1 / 69280-000002